UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN PIERRE,<br><br>                Plaintiff,<br><br>                -v.-<br><br>FASHION RETAIL NYC LLC and RHC OPERATING LLC,<br><br>                Defendants. | 24 Civ. 6895 (KPF) |
| KING RANGE, JR.,<br><br>                Plaintiff,<br><br>                -v.-<br><br>RHC OPERATING LLC and FASHION RETAIL INC.,<br><br>                Defendants. | 24 Civ. 8467 (KPF) |
| LUIGI GIROTTO,<br><br>                Plaintiff,<br><br>                -v.-<br><br>FASHION RETAIL NYC LLC and RHC OPERATING LLC,<br><br>                Defendants. | 24 Civ. 8836 (KPF) |

KATHERINE POLK FAILLA, District Judge:

    Case No. 24 Civ. 6895 (the "*Pierre* Action") was assigned to this Court on September 13, 2024; Case Nos. 24 Civ. 8467 (the "*Range* Action") and 24 Civ. 8836 (the "*Girotto* Action") were reassigned to this Court on February 5, 2025, pursuant to this District's Rules for the Division of Business Among District

Judges.  Though brought by different plaintiffs, the three cases involve substantially similar claims that individuals with disabilities have been denied "full and equal access to, and full and equal enjoyment of," the same retail location in midtown Manhattan, in violation of the Americans with Disabilities Act (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), and/or the New York City Human Rights Law (the "NYCHRL").

Answers and cross-claims were filed in each of the three cases.  (*See* 24 Civ. 6895 Dkt. #18, 23; 24 Civ. 8467 Dkt. #16; 24 Civ. 8836 Dkt. #20-21).  An initial pretrial conference was held in the *Pierre* Action on January 17, 2025, but not in the other two cases.  Defendants RHC Operating LLC and Fashion Retail NYC LLC have moved for consolidation of the three cases.  (*See* 24 Civ. 6895 Dkt. #26; 24 Civ. 8467 Dkt. #17; 24 Civ. 8836 Dkt. #15).  Counsel for Plaintiffs in the *Pierre* and *Girotto* Actions object to consolidation; counsel for Plaintiff in the *Range* Action does not oppose the motion.  (*See* 24 Civ. 6895 Dkt. #28; 24 Civ. 8467 Dkt. #20; 24 Civ. 8836 Dkt. #23).

It is within a court's "inherent authority to manage [its] dockets and courtroom[ ] with a view toward the efficient and expedient resolution of cases." *Dietz* v. *Bouldin*, 579 U.S. 40, 47 (2016).  To that end, Federal Rule of Civil Procedure 42(a) provides that:

> [i]f actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or

> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). As long as the resulting trial will be fair and impartial, "Rule 42(a) ... empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990); *see also Richardson* v. *Michelin N. Am., Inc.*, Nos. 95 Civ. 760E(H), 96 Civ. 424E(H), 96 Civ. 485E(H), 96 Civ. 559E(H), 96 Civ. 671E(H), 1998 WL 329387, *1 (W.D.N.Y. June 3, 1998) ("[t]he advantages of consolidation include cost and time savings for the parties, a more efficient use of judicial resources, diminished inconvenience for the witnesses and a reduced or eliminated risk of inconsistent adjudications of common questions of fact and law"). Indeed, consolidation is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin* v. *Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted); *cf. id.* ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice — consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice." (internal quotation marks and citations omitted)).

The Court has reviewed the complaints in the three actions, and has observed that the pleadings contain extensive factual and legal overlap.

3

Accordingly, the Court GRANTS IN PART Defendants' motion, and ORDERS that the three cases be consolidated for discovery. The parties are ORDERED to meet and confer to discuss a consolidated discovery schedule, and to submit a joint proposed case management reflecting that schedule on or before **March 7, 2025**.

Counsel in all three actions are reminded to review the Court's Individual Rules of Practice in Civil Cases, located at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/KPF%20Failla%20Civil%20Rules%20of%20Practice%20OPERATIVE%20VERSION%20as%20of%201-3-25.pdf. If the parties in the *Range* or *Girotto* Actions would like the Court to schedule an initial pretrial conference in either or both of those cases, the parties should advise the Court promptly. Similarly, if the parties wish to be referred to Magistrate Judge Barbara C. Moses, or to the Court's Mediation Program, they should promptly advise the Court.

The Clerk of Court is directed to file this Order in all three cases and to terminate the motions at docket entry 26 in Case No. 24 Civ. 6895; docket entry 17 in Case No. 24 Civ. 8467; and docket entry 15 in Case No. 24 Civ. 8836.

SO ORDERED.

Dated:   February 7, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

4